# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00446-COA

**LATTERANCE DONTAE ADAMS A/K/A**          **APPELLANT**
**LATERRANCE DONTA ADAMS**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN E. BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/17/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND WESTBROOKS, JJ.**

**WILSON, J., FOR THE COURT:**

¶1. Latterance Adams was indicted for unlawful possession of a cell phone while confined in a correctional facility. At trial, Michael Jones, a security captain at Walnut Grove Correctional Facility, testified that as he was making his rounds on February 20, 2015, he noticed an open cell door. The cell was assigned to Yotyler Miller and Alvin Green, and a third inmate, Adams, was in the cell with Miller and Green. Jones testified that the cell door should have been closed, and there was "no reason for three offenders to be inside [one] cell." Jones placed Adams, Miller, and Green against the wall and conducted a pat search of each of them. Two other correctional officers witnessed him search the inmates. All three

officers testified that Jones recovered three cell phones, one from each inmate. Jones recorded the phones' serial numbers in an incident report, the phones were placed in evidence bags, and Jones identified Adams's phone at trial. After the State rested its case, Adams, Green, and Miller all testified and denied that they had cell phones. They testified that Jones did not recover any cell phones when he searched them in the cell. They claimed that Jones first showed them the phones after they were taken to Jones's office. In short, Adams, Green, and Miller alleged that Jones set them up. However, the jury found Adams guilty as charged, and the circuit court sentenced him, as a habitual offender, to fifteen years in the custody of the Mississippi Department of Corrections.

¶2. Adams's appointed appellate counsel filed a *Lindsey* brief, certifying that she has scoured the record and that the case presents no "arguable issues" for appeal. *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005). Counsel complied with *Lindsey* by sending Adams a copy of the brief and advising him of his right to file a pro se brief, *see id.*, but Adams did not file a brief. Pursuant to *Lindsey*, we have "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). The State presented sufficient evidence to sustain the conviction. It was the jury's role to assess the witnesses' credibility and resolve conflicts in the evidence, *see Little v. State*, 233 So. 3d 288, 289 (¶1) (Miss. 2017), and there is no basis for us to disturb the jury's verdict on appeal. Therefore, Adams's conviction and sentence are affirmed.

¶3.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**